STATE OF NORTH CAROLINA, APPELLEE v. WELDON GILBERT, APPELLANT

No. 894SC369

(Filed 21 November 1989)

1. **Witnesses § 1.2 (NCI3d)— child witness—no voir dire to determine competency—evidence supports conclusion of competency**

There was no prejudicial error in a prosecution for taking indecent liberties with a minor where the trial judge allowed the six-year-old victim to testify without a voir dire to determine competency where, prior to being sworn, the witness told the judge her name, that she understood what an oath was, that she could place her hand on the Bible and swear to tell the truth, and that she knew what the truth was; after taking the stand, she testified without objection that she was six years old and had one brother who was eight years old; and she also named the school she attended, gave her teacher's name, where she lived, and said that she was going to tell the truth. This evidence clearly supports the trial judge's conclusion that the witness was competent to testify.

Am Jur 2d, Witnesses §§ 88, 89.

2. **Criminal Law § 73.2 (NCI3d)— indecent liberties—out-of-court statements—offered for corroboration—not hearsay**

The trial court did not err in a prosecution for taking indecent liberties with a minor by admitting a number of out-of-court statements made by the victim's older brother and others where the statements were offered for the sole purpose of corroborating the six-year-old victim's testimony. N.C.G.S. § 8C-1, Rule 801(c).

Am Jur 2d, Witnesses §§ 641, 653, 655.

3. **Criminal Law § 1179 (NCI4th)— indecent liberties—aggravating factor—position of trust and confidence**

The trial court did not err when sentencing defendant for taking indecent liberties with a minor by finding in ag-

gravation that defendant took advantage of a position of trust and confidence to commit the offense where the victim was a frequent visitor in defendant's home, defendant gave her candy and let her play with his dog on numerous occasions, and the victim and other children were given money by defendant for doing odd jobs around his house.

**Am Jur 2d, Infants §§ 5, 16, 17.**

APPEAL by defendant from *Strickland, Judge.* Judgment entered 10 November 1988 in Superior Court, ONSLOW County. Heard in the Court of Appeals 11 October 1989.

Defendant was charged in a proper bill of indictment with taking indecent liberties with a minor child in violation of G.S. 14-202.1. Evidence presented at trial tends to show that on 23 April 1988, defendant engaged in various sexual acts with a six-year-old girl who had been playing at his home. A jury found defendant guilty as charged. From a judgment imposing a prison sentence of nine years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General James B. Richmond, for the State.*

*Joseph E. Stroud, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

[1] In his first assignment of error, defendant contends the trial judge improperly allowed the six-year-old victim to testify at trial because her competency was never established. Defendant asserts the trial court was required to conduct a *voir dire* examination of the witness to determine her competency. By failing to make this formal inquiry, defendant argues, the trial judge had no evidence from which he could determine the six-year-old child was competent to testify. We disagree.

The issue of a witness' competency "rests in the sound discretion of the trial court based upon its observation of the witness." *State v. Spaugh,* 321 N.C. 550, 554, 364 S.E.2d 368, 371 (1988), *citing, State v. Hicks,* 319 N.C. 84, 89, 352 S.E.2d 424, 426 (1987). "Absent a showing that the trial court's ruling could not have been the result of a reasoned decision, it will not be disturbed on appeal." *Id.* Our Supreme Court has held that if evidence presented "clearly supports a conclusion that the witness is competent, the

STATE v. GILBERT

[96 N.C. App. 363 (1989)]

trial court's failure to conduct a *voir dire* inquiry and make specific findings and conclusions concerning the witness' competency is, at worst, harmless error." *Id.* at 555, 364 S.E.2d at 372. The record indicates that prior to being sworn, the six-year-old witness told the trial judge her name, that she understood what an oath was, that she could place her hand on the Bible and swear to tell the truth, and that she knew what the truth was. After taking the stand, she testified without objection that she was six years old and had one brother who was eight years old. She also named the school she attended, gave her teacher's name, where she lived, and said that she was going to tell the truth. This evidence clearly supports the trial judge's conclusion that the six-year-old victim was competent to testify. Thus, we hold the trial judge's failure to conduct a *voir dire* examination to establish her competency was not prejudicial error.

[2] Defendant also argues the trial court erred by admitting into evidence a number of out-of-court statements made by the victim's older brother and others. These statements, according to defendant, were inadmissible hearsay. To qualify as hearsay, an out-of-court statement must be offered into evidence to prove the truth of the matter asserted. North Carolina Rules of Evidence, Rule 801(c). In the present case, the out-of-court statements objected to were offered for the sole purpose of corroborating the six-year-old victim's testimony. Although it is clear that out-of-court statements offered to corroborate prior testimony are not hearsay, defendant argues that because the victim was not a competent witness, the fact that out-of-court statements corroborated her testimony should not justify their admission into evidence. Because the trial judge properly concluded the victim was competent, however, defendant's argument fails on this point.

In his third argued assignment of error, defendant contends the trial judge improperly denied his motions to dismiss and for "judgment n.o.v. or for a new trial." He claims the only evidence upon which a jury could have convicted him was the improperly admitted testimony by the six-year-old victim. Again, because the trial court correctly determined that the child was competent to testify, defendant's argument has no merit.

[3] Finally, defendant argues there was not sufficient evidence at trial to support the trial court's finding as an aggravating factor for sentencing purposes that he took advantage of a position of

trust and confidence to commit the offense charged. On the contrary, the record indicates the victim was a frequent visitor in defendant's home, that defendant gave her candy and let her play with his dog on numerous occasions, and that she and other children were given money by defendant for doing odd jobs around his house. This evidence was clearly sufficient to support the trial judge's conclusion that defendant took advantage of a position of trust and confidence.

Defendant had a fair trial free from prejudicial error.

No error.

Judges ARNOLD and BECTON concur.