STATE OF NORTH CAROLINA v. CLINTON McGRIFF, JR., DEFENDANT-APPELLANT

No. COA01-599

(Filed 6 August 2002)

## 1. Indictment and Information— variance with evidence— date of sexual abuse of child

There was not a fatal variance between the indictments and
the evidence in a prosecution for statutory rape and indecent lib-
erties where defendant took issue with the dates, but courts are
lenient in child abuse cases where there are differences between
the dates alleged in the indictment and those proven at trial if
they do not prejudice a defendant's opportunity to present an ade-

———

quate defense. This defendant offered no alibi defense; in fact, defendant offered no evidence at all.

**2. Indictment and Information— amendment—dates of sexual offenses**

The trial court did not err during a trial for statutory rape and indecent liberties by allowing the State to amend the indictment to conform to the evidence of dates. Changing the dates in the indictment to expand the time frame did not substantially alter the charge set forth in the indictment.

**3. Evidence— intercepted telephone conversation—protection of minor**

The trial court did not err in a prosecution for statutory rape and indecent liberties by admitting evidence of an intercepted telephone conversation where a neighbor stepped outside while talking on a cordless telephone; she heard a conversation between defendant and the victim, recognized the voices, and was alarmed at the conversation; she continued to listen because she intended to inform the victim's mother; and she had another party listen to confirm the identity of the voices and the substance of the conversation. The continued listening was not done with bad purpose or without justifiable excuse but with concern for the welfare of a minor.

**4. Sentencing— aggravating factor—abuse of trust**

The trial court did not abuse its discretion when sentencing defendant for statutory rape and indecent liberties by finding as an aggravating factor that defendant took advantage of a position of trust or confidence where the fourteen-year-old victim knew defendant because defendant was living with a friend's sister; the friend and the victim visited everyday to babysit, often with no adult but defendant present; and the victim had known defendant for about two months when he began calling her, touching her, and writing to her.

Appeal by defendant from judgment entered 12 January 2000 by Judge David Q. LaBarre in Wake County Superior Court. Heard in the Court of Appeals 20 February 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Alexandra M. Hightower, for the State.*

*John T. Hall, for defendant-appellant.*

STATE v. McGRIFF

[151 N.C. App. 631 (2002)]

BRYANT, Judge.

Defendant appeals from convictions of statutory rape and taking indecent liberties with a minor.

Defendant lived with his girlfriend, Ebony Hunter, in a complex of townhouses in Raleigh, North Carolina. Ebony's sister A.H., who was thirteen, frequently went to Ebony's house after school with the victim, K.S.W., then fourteen. In 1998, defendant began to call K.S.W. on the phone, write letters to her, kiss her and inappropriately touch her. The kissing and inappropriate touching occurred at Ebony's house when K.S.W. visited with A.H. One day in December of 1998, defendant talked K.S.W. into coming over. When K.S.W. arrived, defendant was dressed only in boxer shorts and he told her to come upstairs. K.S.W. followed him into a bedroom, where there was a blanket on the floor. K.S.W. told defendant that she did not want to do anything, but defendant unbuttoned her pants. Defendant then had vaginal intercourse with her. A few weeks later, defendant attempted to force K.S.W. to perform oral sex on him. K.S.W. told only her friends at school what had happened. At trial, K.S.W.'s friend, C.S., testified that K.S.W. told her that defendant "came up behind her and put his arms around her waist, and . . . one day . . . he tried to make her have oral sex and she didn't want to . . . ." C.S. further testified that K.S.W. told her she had sexual intercourse with defendant, that defendant was "trying to pull down [her] pants and she was trying to keep them up but—I don't know what happened, but she told me that she was telling him to pull it out because it hurt and he wouldn't do it."

On 27 January 1999, Tonya Lesley, who lived a few doors away from K.S.W. and from defendant, was talking to a friend on a cordless telephone when she inadvertently intercepted a call between a male and a female whose voice she recognized as belonging to K.S.W. Lesley heard K.S.W. tell the male that she was mad at him for trying to force her to perform oral sex. After listening a while longer, Lesley determined that the male was defendant. While listening to the intercepted phone call, Lesley saw Ebony's eighteen-year-old sister, Tasha. Lesley motioned for her to come over and listen to the call to verify what she had heard. Tasha recognized defendant's voice. Tasha talked to Ebony later that day, and Ebony confronted K.S.W. K.S.W. called her mother and told her what happened.

Defendant was indicted on one count each of statutory rape of a 14-year-old and taking indecent liberties with a child. Defendant moved to exclude evidence of the phone conversation. The trial court

denied the motion. The jury returned guilty verdicts on both counts. On 13 January 2000, defendant was sentenced to 300 to 369 months imprisonment for statutory rape, and 20 to 24 months imprisonment for indecent liberties with a minor after the judge found as an aggravating factor that defendant had taken advantage of a position of trust or confidence to commit the offense. Defendant appealed.

Defendant presents five assignments of error: whether the trial court erred by 1) denying defendant's motion to dismiss the charges due to a fatal variance between the indictments and the evidence; 2) allowing the State's motion to amend the indictment; 3) denying defendant's motion to exclude evidence of an illegally intercepted telephone conversation; 4) sentencing defendant in a manner not authorized by law, thus violating his constitutional rights; and 5) denying defendant's motion to dismiss the charges due to an insufficiency of the evidence.

## I.

[1] Defendant first argues that the trial court erred by denying defendant's motion to dismiss the charges because of a fatal variance between the indictments and the evidence. We disagree.

N.C.G.S. § 15A-924(a)(5) states that criminal pleadings must contain "[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation." N.C.G.S. § 15A-924(a)(5) (2001). The purpose of a bill of indictment is to put a defendant on such notice that he is reasonably certain of the crime of which he is accused. *State v. Brinson*, 337 N.C. 764, 448 S.E.2d 822 (1994). "An indictment is 'constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense.' " *State v. Hutchings*, 139 N.C. App. 184, 188, 533 S.E.2d 258, 261 (quoting *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996)), *review denied*, 353 N.C. 273, 546 S.E.2d 381 (2000).

In the case *sub judice*, the first count of the indictment, alleging statutory rape of a 14-year-old person, stated:

[O]n or between 01/04/1999, through 01/27/1999, in Wake County, the defendant . . . unlawfully, willfully and feloniously did engage

in vaginal intercourse with K. S. W. (DOB: 04/05/1984), a[ ]person of the age of fourteen (14) years. At the time the defendant was at least six years older than the victim and was not lawfully married to the victim. This act was done in violation of G. S. 14-27.7A.

Count II of the indictment, alleging indecent liberties with a child, stated:

[O]n or between 01/04/1999 through 01/27/1999, in Wake County, the defendant . . . unlawfully, willfully and feloniously did take and attempt to take immoral, improper, and indecent liberties with K. S. W. (DOB: 04/05/1984), who was under the age of sixteen (16) years at the time, for the purpose of arousing and gratifying sexual desire. At the time, the defendant was over sixteen (16) years of age and at least five (5) years older than said child. This act was done in violation of G.S. 14-202.1.

Defendant concedes that the indictment was proper on its face. However, defendant takes issue with the dates in both counts of the indictment, arguing that "there was a fatal variance between the allegations contained in the indictment . . . and the evidence introduced at trial." The evidence introduced at trial showed that at least one of the offenses occurred in December, between 1 December and 25 December 1998, as opposed to "on or between 01/04/1999, through 01/27/1999" as alleged in the indictment. The court, upon motion by the State, allowed an amendment of the indictment to conform to the evidence. (See Issue II)

Courts are lenient in child sexual abuse cases where there are differences between the dates alleged in the indictment and those proven at trial. *Hutchings*, 139 N.C. App. at 188, 533 S.E.2d at 261. Our Supreme Court has stated that "in the interests of justice and recognizing that young children cannot be expected to be exact regarding times and dates, a child's uncertainty as to time or date upon which the offense charged was committed goes to the weight rather than the admissibility of the evidence." *State v. Wood*, 311 N.C. 739, 742, 319 S.E.2d 247, 249 (1984). Leniency has been allowed in cases involving older children as well. *See State v. Hardy*, 104 N.C. App. 226, 409 S.E.2d 96 (1991) (allowing leniency in case where the victim was fifteen years old). "Unless the defendant demonstrates that he was deprived of his defense because of lack of specificity, this policy of leniency governs. '[I]t is sufficient for conviction that the jury is satisfied *upon the whole evidence* that each element of the crime has been proved beyond a reasonable doubt.' " *State v. Everett*, 328 N.C.

72, 75, 399 S.E.2d 305, 306 (1991) (alterations in original) (citations omitted) (quoting *State v. May*, 292 N.C. 644, 655, 235 S.E.2d 178, 185, *cert. denied*, 434 U.S. 928, 54 L. Ed. 2d 288 (1977)).

In *State v. Blackmon*, 130 N.C. App. 692, 696-97, 507 S.E.2d 42, 45 (1998), this Court stated that

> this Court has observed more generally that "the date given in the bill of indictment is not an essential element of the crime charged and [that therefore] the fact that the crime was committed on some other date is not fatal." In that same vein, we have also stated that a "variance between allegation and proof as to time is not material where no statute of limitations is involved."

(Citations omitted.). In *Blackmon*, the defendant was convicted of eight counts of first-degree sexual offense of a minor and taking indecent liberties with a minor. On appeal, the defendant argued that the trial court erred in denying his motion to dismiss the indictments for lack of specificity. Specifically, the defendant argued that he was denied an opportunity to raise an alibi defense because the indictments listed the dates of the offenses as occurring between 1 January and 12 September 1994. In finding no error, the *Blackmon* Court stated that

> in a case . . . in which the minor child testified at trial that the sexual acts and indecent liberties committed by defendant occurred when she was seven years old and that some of those acts happened when it was cold outside and some when it was warm outside, any variance between the indictments brought against defendant and the proof presented at trial is not fatal to the propriety of the indictments brought by the State.

*Id.* at 697, 507 S.E.2d at 46.

In this case, defendant argues that "[t]he change in dates prejudiced his ability to present a potential alibi defense." However defendant offered no alibi defense for the dates originally alleged in the indictment, nor for the December dates shown by the evidence. In fact, defendant presented no evidence at all.

The State's evidence tended to show that K.S.W. was unsure of the exact dates that defendant engaged in sexual acts with her. However, she thought it was before she went to Florida during her school Christmas break in 1998. Evidence also tended to show that defendant tried to force K.S.W. to perform oral sex on him after that

Christmas break. This evidence substantially corresponds with the dates in the indictment.

Time variances do not require dismissal if they do not prejudice a defendant's opportunity to present an adequate defense. *See State v. Campbell*, 133 N.C. App. 531, 536, 515 S.E.2d 732, 735 (1999). "[A] defendant suffers no prejudice when the allegations and proof substantially correspond; when defendant presents alibi evidence relating to neither the date charged nor the date shown by the State's evidence." *State v. Booth*, 92 N.C. App. 729, 731, 376 S.E.2d 242, 244 (1989) (citations omitted). Defendant's contention that the variance between the dates in the indictment and the evidence presented at trial was fatal and deprived him of a potential alibi defense has no merit. Accordingly, this assignment of error is overruled.

## II.

**[2]** Defendant next argues that the trial court erred by allowing the State's motion to amend the indictment. During the trial, the prosecutor moved to amend the indictment to conform to the evidence. Specifically, the prosecutor moved to change the time frame from between 4 January 1999 and 27 January 1999, to between 1 December 1998 and 27 January 1999. Defendant objected that the change would deprive him of the opportunity to pursue a bill of particulars to possibly prepare for an alibi defense. The court granted the motion to amend the indictment.

N.C.G.S. § 15A-923(e) (2001) states that "A bill of indictment may not be amended." However, this statutory requirement has been interpreted to mean that "an indictment may not be amended in a way which 'would substantially alter the charge set forth in the indictment.' " *Brinson*, 337 N.C. at 767, 448 S.E.2d at 824 (quoting *State v. Carrington*, 35 N.C. App. 53, 240 S.E.2d 475 (1978)). In the instant case, changing the dates in the indictment to expand the time frame to include December 1998 did not "substantially alter the charge set forth in the indictment." *Id.*

N.C.G.S. § 15A-924(a)(4) states:

A criminal pleading must contain:

A statement or cross reference in each count indicating that the offense charged was committed on, or on or about, a designated date, or during a designated period of time. Error as to a date or its omission is not ground for dismissal of the charges or for

reversal of a conviction if *time was not of the essence* with respect to the charge and the error or omission did not mislead the defendant to his prejudice.

N.C.G.S. § 15A-924(a)(4) (2001) (emphasis added). Accordingly, this assignment of error is overruled.

## III.

**[3]** Defendant next argues that the trial court erred by denying his motion to exclude evidence of an illegally intercepted telephone conversation. Defendant complains that the conversation was intercepted in violation of 'N.C.G.S. § 15A-287(a)(1) and 18 U.S.C.A. § 2511(1)(a) (2000), of the Omnibus Crime Control and Safe Streets Act of 1968 (Federal Wiretapping Statute). *See* 18 U.S.C.A. §§ 2510 et seq. Specifically, defendant contends that N.C.G.S. § 15A-287(a)(1) precludes the admission of statements made during the telephone conversation because the conversation was willfully intercepted without consent.[1] We disagree.

N.C.G.S. § 15A-287(a)(1) states:

Except as otherwise specifically provided in this Article, a person is guilty of a Class H felony if, without the consent of at least one party to the communication, the person . . . *[w]illfully* intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication.

N.C.G.S. § 15A-287(a)(1) (2001) (emphasis added). To "intercept" means "the aural or other acquisition of the contents of any wire, oral, or electronic communication through the use of any electronic, mechanical, or other device." N.C.G.S. § 15A-286(13) (2001).

The key to our analysis is the interpretation of "willful" interception. Although § 15A-286 does not offer a definition of "willful," North Carolina law is modeled after the Federal Wiretapping Statute and our federal courts have addressed the issue of "willful" interception. In *Adams v. Sumner*, 39 F.3d 933 (9th Cir. 1994), a hotel switchboard

---

1. Defendant's argument appears to be based on a belief that his reasonable expectation of privacy was invaded; however, defendant engaged in a conversation with someone using a cordless telephone. On the contrary, there is no reported North Carolina decision that has concluded a cordless telephone user has a reasonable expectation of privacy in his cordless telephone conversations. *See In re Askin*, 47 F.3d 100, 104 (4th Cir. 1995); *McKamey v. Roach*, 55 F.3d 1236, 1239 (6th Cir. 1995); *United States v. Carr*, 805 F. Supp. 1266, 1271 (E.D.N.C. 1992).

operator inadvertently overheard a hotel guest make a reference to guns and remained on the line for several minutes thereafter. The issue before the court was whether the continued eavesdropping was willful, and therefore inadmissible under the Federal Wiretapping Statute. The *Adams* Court relied on the definition of willful in *United States v. Murdock*, 290 U.S. 389, 78 L. Ed. 381 (1933). "*Murdock* defined 'willful' to mean 'done with a bad purpose,' 'without justifiable excuse,' or 'stubbornly, obstinately, or perversely.' " *Adams* at 936 (quoting *United States v. Murdock*, 290 U.S. 389, 394, 78 L. Ed. 381, 385 (1933)).[2] The *Adams* Court concluded that the hotel switchboard operator remained on the line out of his concern for other hotel guests after hearing the reference to guns; therefore, his "continued eavesdropping was not done with a bad purpose or without a justifiable excuse." *Adams* at 936. The *Adams* Court held that the continued eavesdropping after the inadvertent interception was not willful; therefore, statements overheard during the call were admissible under the Federal Wiretapping Statute.

Based on *Adams*, we conclude that Tonya Lesley's interception of the phone conversation between defendant and K.S.W. was not willful. Evidence presented at trial indicates that Lesley, who lived in the same subdivision as defendant and K.S.W., was talking to her friend on a cordless phone when she stepped outside to check the mail. The reception faded and Lesley began to pick up a conversation between defendant and K.S.W. Like the hotel switchboard operator in *Adams*, Lesley heard a telephone conversation that was "so disturbing and so ugly," it caused her alarm. Lesley recognized K.S.W.'s voice and heard K.S.W. tell the person she was talking to that she was upset with him for trying to force her to perform oral sex. She identified the male voice as the defendant when she heard him say Ebony's daughter would not be home for twenty-five minutes. Lesley, who testified she listened for about an hour, continued to listen because she intended to tell K.S.W.'s mother about the conversation. Lesley motioned for Tasha to listen to the conversation to confirm the identity of the voices and the substance of the conversation. We conclude that Lesley's continued listening was not done with a bad purpose or without a justifiable excuse; rather, it was done out of concern for the welfare of a minor. Because we find that Lesley's continued listening was not done in violation of N.C.G.S. § 15A-287(a)(1), we need not address whether a conversation heard in violation of the statute is

2. The legislative history of the Federal Wiretapping Statute included a reference to *United States v. Murdock*, 290 U.S. 389, 78 L. Ed. 381 (1933), for the meaning of "willful."

admissible in a criminal. Accordingly, this assignment of error is without merit.

## IV.

[4] Defendant next argues that the trial court abused its discretion by sentencing defendant in a manner not authorized by law, thus violating his constitutional rights. Specifically, defendant argues that he is entitled to a new sentencing hearing because the trial court erroneously found as an aggravating factor that defendant took advantage of a position of trust or confidence to commit the offenses. We disagree.

N.C.G.S. § 15A-1340.16(a) states:

> The court shall consider evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate, but the decision to depart from the presumptive range is in the discretion of the court. The State bears the burden of proving by a preponderance of the evidence that an aggravating factor exists, and the offender bears the burden of proving by a preponderance of the evidence that a mitigating factor exists.

N.C.G.S. § 15A-1340.16(a) (2001). Here, the State presented evidence that, prior to the incidents leading to these convictions, K.S.W. knew defendant because defendant was dating and living with her friend's sister, Ebony. K.S.W. and her friend visited Ebony's house every day after school to babysit, often when there were no adults but defendant in the house. K.S.W. had known defendant for approximately two months when he began calling her on the phone, touching her inappropriately, and writing letters to her. We find that this is sufficient evidence that defendant took advantage of a position of trust.

In *State v. Gilbert*, 96 N.C. App. 363, 385 S.E.2d 815 (1989), defendant was convicted of taking indecent liberties with a minor child. The victim frequently visited defendant's house, and defendant let her play with his dog and gave her candy. The defendant even gave her money for performing jobs around the house. This Court found this evidence sufficient to support the trial court's finding that defendant took advantage of a position of trust. *Gilbert*, 96 N.C. App. at 365, 385 S.E.2d at 817. We find this case analogous; accordingly, this assignment of error is overruled.

PITILLO v. N.C. DEP'T OF ENVTL. HEALTH & NATURAL RES.

[151 N.C. App. 641 (2002)]

## V.

Defendant's final argument is that the trial court erred by denying his motion to dismiss the charges due to an insufficiency of the evidence. Defendant contends that the State's evidence was insufficient because it was the "fruits of the poisonous tree" or was at variance with the allegations in the indictment. As we concluded above, evidence of the intercepted telephone call was properly admitted. Furthermore, we have found that there was no fatal variance between the indictment and the evidence. Accordingly, this assignment of error is overruled.

For the reasons stated above, we find no error.

AFFIRMED.

Judges WALKER and HUNTER concur.