STATE OF NORTH CAROLINA v. GREGORY LYNN EVANS

No. COA02-1719

(Filed 3 February 2004)

**1. Sexual Offenses— indecent liberties—statutory sex offense—sexual activity by a custodian—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charges of indecent liberties with a child, statutory sex offense, and sexual activity by a custodian, because there was both direct and circumstantial evidence that these crimes were committed.

**2. Sexual Offenses— indecent liberties—statutory sex offense—sexual activity by a custodian—instructions**

The trial court did not commit plain error in an indecent liberties with a child, statutory sex offense, and sexual activity by a custodian case by its failure to instruct the jury on the elements of each offense for each date that the crime charged allegedly occurred, because: (1) the trial court took care to instruct the jury that the charge for each individual count of a particular offense was identical, and that the same law applies for each charge; and (2) there was no reasonable possibility that had the trial court specifically instructed the jury on the same offense for each date alleged, a different result would have ensued.

**3. Constitutional Law— cruel and unusual punishment—presumptive range of sentencing**

The sentence imposed upon defendant for indecent liberties with a child, statutory sex offense, and sexual activity by a custodian was not cruel and unusual based on the fact that the victim was a few months shy of her sixteenth birthday, which was the threshold age for the charges, because: (1) North Carolina courts have consistently held that when a punishment does not exceed the limits fixed by the statute, the punishment cannot be classified as cruel and unusual in a constitutional sense; and (2) the trial court imposed a prison term within the presumptive range of sentences pursuant to N.C.G.S. § 15A-1340.17(c).

Appeal by defendant from judgment entered 23 January 2002 by Judge Ronald E. Spivey in Guilford County Superior Court. Heard in the Court of Appeals 12 November 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Sarah Ann Lannom, for the State.*

*Haakon Thorsen for the defendant.*

TIMMONS-GOODSON, Judge.

Gregory Lynn Evans ("defendant") appeals his convictions of indecent liberties with a child, statutory sex offense, and sexual activity by a custodian. For the reasons stated herein, we hold that defendant received a trial free of prejudicial error.

The evidence presented at trial tended to show the following: At the time of the incidents in question, the victim in this matter was a fifteen year old adolescent (hereinafter identified as "C.S."). In 2000, C.S. was hospitalized at Moses Cone Behavioral Center ("Moses Cone") on more than one occasion. While C.S. was a patient at Moses Cone, defendant, who was employed as a mental health technician, engaged in sexual activity with C.S. After C.S. was discharged from Moses Cone, defendant telephoned her home several times to establish contact outside of the hospital, and to discourage her from telling her mother about their relationship.

C.S.'s mother subsequently filed a lawsuit against Moses Cone and three felony criminal charges were brought against defendant. Following a jury trial, defendant was convicted of taking indecent liberties with a child, statutory sex offense and sexual activity by a custodian, and sentenced to a term of 18¾ to 23¼ years. It is from these convictions that defendant now appeals.

---

The issues presented on appeal are whether (I) there was sufficient evidence presented at trial to convict defendant of the charges; (II) the court committed plain error in its instructions to the jury; and (III) the court committed plain error in sentencing defendant.

[1] Defendant first argues that there was insufficient evidence that he committed the offenses to warrant a conviction. Defendant contends that because the only direct evidence of sexual activity is C.S.'s uncorroborated testimony, the evidence raises only a suspicion or conjecture that an offense was committed, and therefore his motion to dismiss should have been granted. We disagree.

In ruling on a motion to dismiss based on insufficiency of the evidence, the trial court must determine whether there is substantial evidence of each element of the offense charged. *See State v. Bullard,*

312 N.C. 129, 160, 322 S.E.2d 370, 387 (1984). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). When reviewing the evidence, the trial court must consider even incompetent evidence in the light most favorable to the prosecution, granting the State the benefit of every reasonable inference. *See State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). In *State v. Malloy*, our Supreme Court held that when the evidence is sufficient only to raise a suspicion or conjecture as to the identity of the defendant as the perpetrator, the motion to dismiss must be allowed. 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983). However, even circumstantial evidence has been considered sufficient to elevate a claim above mere suspicion or conjecture and thus to overcome a motion to dismiss. *See State v. Wilson*, 354 N.C. 493, 521-22, 556 S.E.2d 272, 290-91 (2001) *overruled on other grounds by State v. Millsaps*, 356 N.C. 556, 572 S.E.2d 767 (2002).

Defendant was charged with taking indecent liberties with a child, statutory sex offense, and sexual activity by a custodian. The elements of these crimes are as follows:

A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either: (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1 (2003).

A defendant is guilty of [statutory sexual offense] if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person.

N.C. Gen. Stat. § 14-27.7A(a) (2003).

. . . if a person having custody of a victim of any age or a person who is an agent or employee of any person, or institution, whether such institution is private, charitable, or governmental, having custody of a victim of any age engages in vaginal inter-

course or a sexual act with such victim, the defendant is guilty of a Class E felony. Consent is not a defense to a charge under this section.

N.C. Gen. Stat. § 14-27(a) (2003).

In the present case, C.S. testified to specific sexual acts in which she and defendant engaged while she was a patient at Moses Cone. Additionally, there was evidence presented in the form of testimony from C.S.'s mother and sister that C.S. told them about her interactions with defendant, and that they heard firsthand telephone conversations between C.S. and defendant regarding specific instances of sexual activity. Hence, there was both direct and circumstantial evidence that these crimes were committed. We conclude that in the light most favorable to the State this evidence elevates the claims against defendant to more than a mere suspicion. Therefore, the trial court properly denied defendant's motion to dismiss the charges of indecent liberties with a child, statutory sex offense, and sexual activity by a custodian.

The next two assignments of error require the Court to consider the jury instructions and sentencing under a plain error standard. Plain error is defined in *State v. Odom* as " 'fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or 'where [the error] is grave error which amounts to a denial of a fundamental right of the accused.' " 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (emphasis and citations omitted)). "The purpose of jury instructions is to enable the jury to decide certain disputed facts, and then to apply governing principles of law to those facts." *State v. Moore*, 311 N.C. 442, 459, 319 S.E.2d 150, 163 (1984).

**[2]** Defendant assigns error to the failure of the trial court to instruct the jury on each charge for each date that the crime charged allegedly occurred. We disagree.

Defendant complains that while he was charged with committing the offenses of taking indecent liberties with a minor, statutory sex offense and sexual activity by a custodian on 28 May, 29 May, 31 May, and 2 June 2000, the judge only instructed the jury on the elements of each crime as it pertains to the events that occurred on one particular date. The court instructed the jury on the crimes of Indecent Liberties with a Child alleged to have occurred on 28 May 2000, Statutory Sex Offense alleged to have occurred on 29 May

2000, and Sexual Activity by a Custodian alleged to have occurred on 29 May 2000.

Assuming *arguendo* that the trial court's failure to specifically instruct the jury as to the elements of each offense on each date of the alleged offenses was error, it was not plain error. Judge Spivey took care to instruct the jury that the charge for each individual count of a particular offense was identical, and that the same law applies for each charge. In his charge to the jury, Judge Spivey stated:

> [What] I will do is give you the substantive law on each of the crimes alleged and then at the end of all the evidence when I send you back to deliberate on your verdict, I'll send you a verbatim copy of the law as it applies to each of those three crimes that are alleged on those dates.

This Court concludes that there is no reasonable possibility that, had the trial court specifically instructed the jury on the same offense for each date alleged, a different result would have ensued. We therefore overrule this assignment of error.

[3] In his final assignment of error, defendant argues that his convictions should be vacated because the penalty imposed is cruel and unusual. We disagree.

Defendant was sentenced to a total of 18¾ to 23¼ years for indecent liberties with a child, statutory sex offense, and sexual activity by a custodian. He argues that because C.S. was a few days shy of her sixteenth birthday, the threshold age for the indecent liberties and statutory sex offense charges, the punishment imposed for those crimes violates the Eighth Amendment prohibition against cruel and unusual punishment. This assignment of error has no merit.

North Carolina courts have consistently held that when a punishment does not exceed the limits fixed by the statute, the punishment cannot be classified as cruel and unusual in a constitutional sense. *State v. Green*, 348 N.C. 588, 502 S.E.2d 819 (1998).

In the case sub judice, the trial court imposed a prison term within the presumptive range of sentences pursuant to N.C.G.S. § 15A-1340.17(c). We hold that the sentence imposed against defendant is not cruel and unusual punishment in that it did not exceed the limits fixed by the governing statute. Accordingly, this assignment of error is overruled.

No error.

Judges WYNN and ELMORE concur.