STATE OF NORTH CAROLINA v. MARLON RIO MASSEY

No. 637A05

(Filed 28 June 2007)

**1. Constitutional Law— right to unanimous jury—evidence showed greater number of incidents committed than number of offenses charged**

The Court of Appeals erred by reversing eight of defendant's convictions of felonious sexual act with a minor and four indecent liberties convictions based on the fact that it could not determine whether the jury unanimously convicted defendant for specific incidents, and those charges are reinstated. Although the evidence showed a greater number of incidents committed by defendant than the number of offenses with which he was charged and convicted, no jury unanimity problem existed regarding the convictions since while one juror might have found some incidents of misconduct and another juror might have found different incidents of misconduct, the jury as a whole found that improper sexual conduct occurred.

**2. Sentencing— aggravating factors—*Blakely* error—took advantage of position of trust or confidence—harmless error beyond a reasonable doubt**

The Court of Appeals erred by determining that defendant was entitled to a new sentencing hearing on his five first-degree sexual offense convictions even though a jury did not find the imposed aggravating factor that defendant took advantage of a position of trust or confidence to commit the offense beyond a reasonable doubt, because assuming arguendo *Blakely* error in the present case, any error was harmless beyond a reasonable doubt when: (1) the minor victim's biological parents agreed that

defendant was to be treated as a stepfather and adult parental figure, and our Supreme Court has held that a parental role is sufficient to support the aggravating factor of abusing a position of trust; (2) defendant cared for the minor victim and her half-siblings on a regular basis while her mother worked, and the jury convicted defendant of ten counts of felonious sexual act with a minor over whom he had assumed the position of a parent residing in the home; and (3) the evidence against defendant in each instance is so overwhelming and uncontroverted that any rational factfinder would have found the aggravating factor beyond a reasonable doubt.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 174 N.C. App. 216, 621 S.E.2d 633 (2005), reversing in part and finding no error in part in judgments entered by Judge William Z. Wood, Jr. on 22 April 2004 in Superior Court, Forsyth County, and remanding for resentencing and a new trial. On 19 December 2006, the Supreme Court allowed the State's petition for discretionary review as to an additional issue. Heard in the Supreme Court 9 May 2007.

*Roy Cooper, Attorney General, by Anne M. Middleton, Assistant Attorney General, for the State-appellant.*

*C. Scott Holmes for defendant-appellee.*

NEWBY, Justice.

In this case we first decide whether certain of defendant's convictions were obtained in violation of the unanimous verdict requirement of the North Carolina Constitution. Second, we address whether the Court of Appeals properly remanded this case for resentencing because defendant was sentenced in the aggravated range without a jury determination concerning the aggravating factor.

[1] At trial the State presented evidence showing defendant's sexual abuse of H.J., the daughter of a girlfriend in whose home defendant was living at the time. Defendant was convicted of five counts of first-degree sexual offense with a child under thirteen, ten counts of felonious sexual act with a minor over whom he had assumed the position of a parent residing in the home, and four counts of indecent liberties. These verdicts were consolidated for sentencing, and defendant received five consecutive sentences of a minimum of 275 months to a maximum of 339 months. For each sentence, the trial

court found as an aggravating factor that "defendant took advantage of a position of trust or confidence to commit the offense."

Defendant appealed his convictions and sentences. A divided panel of the Court of Appeals reversed eight of defendant's convictions of felonious sexual act with a minor and the four indecent liberties convictions because it could not determine whether the jury unanimously convicted defendant based on specific incidents and remanded those charges for a new trial. *State v. Massey*, 174 N.C. App. 216, 621 S.E.2d 633 (2005). The Court of Appeals also unanimously granted defendant a new sentencing hearing on the remaining convictions because a jury did not find beyond a reasonable doubt the aggravating factor used to enhance defendant's sentence. *Id.* The State appealed the unanimity issue as of right and sought discretionary review of the sentencing issue, which this Court allowed. *State v. Massey*, 361 N.C. 175, 640 S.E.2d 390 (2006).

The North Carolina Constitution provides: "No person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. I, § 24. Following its own case law, the Court of Appeals held it was impossible to know whether the jury had unanimously determined that defendant committed the same specific act to support each conviction because the evidence showed more acts of sexual misconduct than the number of charges against defendant and the verdicts were identical on each charge, *State v. Markeith Lawrence*, 170 N.C. App. 200, 612 S.E.2d 678 (2005); *State v. Gary Lawrence*, 165 N.C. App. 548, 599 S.E.2d 87 (2004), and that " 'there is no apparent statutory or common law authority that would permit the return of more than one indictment based on the same generic testimony,' " *Massey*, 174 N.C. App. at 227, 621 S.E.2d at 640 (quoting *Gary Lawrence*, 165 N.C. App. at 557, 599 S.E.2d at 94).

This Court subsequently reversed the decision of the Court of Appeals in both *Lawrence* cases as to the jury unanimity issue. *State v. Markeith Lawrence*, 360 N.C. 368, 627 S.E.2d 609 (2006); *State v. Gary Lawrence*, 360 N.C. 393, 627 S.E.2d 615 (2006). We concluded that, although the evidence showed a greater number of incidents committed by the defendant than the number of offenses with which he was charged and convicted, no jury unanimity problem existed regarding the convictions because, "while one juror might have found some incidents of misconduct and another juror might have found different incidents of misconduct, the jury as a whole found that improper sexual conduct occurred." *Markeith Lawrence*, 360 N.C. at 374, 627 S.E.2d at 613-14 (citation omitted). In the case *sub judice*,

our *Lawrence* decisions control and require reinstatement of the eight felonious sexual act with a minor and four indecent liberties convictions reversed by the Court of Appeals.

**[2]** The Court of Appeals also determined defendant was entitled to a new sentencing hearing on his five first-degree sexual offense convictions because a jury did not find the imposed aggravating factor beyond a reasonable doubt.[1] *See Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). After the Court of Appeals issued its decision, the United States Supreme Court concluded that *Blakely* error was subject to federal harmless error analysis. *Washington v. Recuenco,* —— U.S. ——, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006). Shortly thereafter, in *State v. Blackwell,* this Court held a *Blakely* error harmless because a review of the record showed "the evidence against the defendant was so overwhelming and uncontroverted that any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt." 361 N.C. 41, 49, 638 S.E.2d 452, 458 (2006) (citations and internal quotation marks omitted), *cert. denied,* —— U.S. ——, —— S. Ct. ——, —— L. Ed. 2d ——, 75 U.S.L.W. 3609 (2007).

Assuming, without deciding, *Blakely* error in the present case, we find such error to be harmless beyond a reasonable doubt. The evidence in the record established that H.J. was six years old when defendant moved in with her mother and that they lived in the same house for more than two years before the sexual abuse began. H.J.'s biological parents agreed that defendant was to be treated as a stepfather and adult parental figure. This Court has held that a parental role is sufficient to support the aggravating factor of abusing a position of trust. *State v. Tucker,* 357 N.C. 633, 634, 639-40, 588 S.E.2d 853, 854, 857 (2003) (holding that the aggravating factor of abusing a position of trust was properly applied when the only evidence to support the aggravator was the stepfather-stepdaughter relationship between the defendant and the victim). Additionally, here, defendant cared for H.J. and her half-siblings on a regular basis while her mother worked, and the jury convicted defendant of ten counts of felonious sexual act with a minor over whom he had assumed the position of a parent residing in the home. Taken together, the evidence against defendant

1. Defendant also received a new sentencing hearing on the two convictions of felonious sexual act with a minor, which were not reversed by the Court of Appeals, solely because those two convictions were consolidated for judgment with the first-degree sex offense convictions. Therefore, defendant is only entitled to a new sentencing hearing on the felonious sexual act convictions if he properly received a new sentencing hearing on the first-degree sex offense convictions.

in each instance is so overwhelming and uncontroverted that any rational fact-finder would have found beyond a reasonable doubt the aggravating factor that defendant took advantage of a position of trust or confidence to commit the offense.

In sum, as to the appealable issue of right, whether defendant's right to a unanimous jury verdict was violated when defendant was convicted of eight counts of felonious sexual act with a minor while acting in a parental role and four counts of taking indecent liberties, we reverse the decision of the Court of Appeals finding error and granting defendant a new trial. As to the issue before this Court on discretionary review, whether defendant's constitutional rights were violated when a jury did not find beyond a reasonable doubt the aggravating factor that defendant violated a position of trust, we reverse the decision of the Court of Appeals which ordered a new sentencing hearing. The other issues addressed by the Court of Appeals are not before this Court, and that court's decision as to those issues remains undisturbed.

REVERSED IN PART.