STATE OF NORTH CAROLINA v. JOHNNY RAY BULLOCK

No. COA05-43

(Filed 18 July 2006)

**1. Rape— child under thirteen—failure to repeat full instruction for each charge—plain error analysis**

The trial court did not commit plain error in a multiple first-degree rape of a child under thirteen case by failing to repeat the full jury instructions for each of the eleven counts, because: (1)

the trial court instructed the jury on each of the three elements of statutory rape as to each of the eleven offenses; and (2) the jury was charged as to the offenses contained in the indictment, including the alleged date of each offense.

2. **Rape— child under thirteen—instruction—variation between allegation and proof as to time**

The trial court did not err in a multiple first-degree rape of a child under thirteen case by allegedly instructing the jury on theories of guilt not alleged in one of the indictments, because: (1) variance between allegation and proof as to time is not material where no statute of limitations is involved, and particularly when allegations of sexual abuse of a child are involved; and (2) even assuming arguendo that a variation exists between the indictment and the charge, it does not require a new trial on this count.

3. **Rape— child under thirteen—motion to dismiss—sufficiency of evidence**

The trial court did not err in a multiple first-degree rape of a child under thirteen case by failing to dismiss the charges against defendant at the close of the State's evidence and the close of all evidence, because: (1) the State's evidence tended to show that for the entire period encompassed by the indictments defendant was having sexual intercourse with the victim more than twice a week; and (2) although defendant moved to another county from March 2001 until October 2001, the victim testified that he visited her home frequently, that defendant lived with them for a period during that time even though his address was in another county, and that their sexual contact did not diminish during this period.

4. **Evidence— prior crimes or bad acts—failure to intervene ex mero motu—remoteness in time—common scheme or plan**

The trial court did not err in a multiple first-degree rape of a child under thirteen case by admitting evidence of other bad acts under N.C.G.S. § 8C-1, Rule 404(b) including sexual acts with defendant's older daughter (the victim's half sister) and by failing to intervene ex mero motu when the State argued this evidence, because: (1) when the facts surrounding a prior act are sufficiently similar to those in a case at bar, it may be proper to admit the prior act evidence even if over ten years have passed (although the elapsed time in this case was actually around nine years); and (2) in light of the similarity of the incidents and in light of the unnatural character of a father raping his own preteen

daughters, the evidence was properly admitted to show a common scheme or plan.

**5. Evidence— DNA evidence—common plan scheme or plan to sexually abuse victim**

The trial court did not err in a multiple first-degree rape of a child under thirteen case by admitting DNA evidence establishing a 99.99 percent probability that defendant was in fact the father of the victim's child even though the victim conceived the child after she left Wake County and thus after each of the incidents for which defendant was convicted in the instant case, because: (1) evidence that defendant engaged in other sexual acts with the victim is admissible to show that he had a common scheme or plan to sexually abuse the victim; and (2) contrary to defendant's assertion, statements made in the closing argument cannot alter the propriety of admitting the evidence under N.C.G.S. § 8C-1, Rule 404(b) at trial.

**6. Constitutional Law— right to unanimous verdict—generic testimony**

Defendant's right to a unanimous verdict was not violated by the trial court's submission to the jury of eleven counts of first-degree rape of a child under thirteen based on the victim's testimony that she was raped by defendant at lease twice a week for ten months, because: (1) there was no indication that there was any confusion on the part of the jury on its duty to render a unanimous verdict based on the six factors enumerated by our Supreme Court; (2) although the victim gave specific testimony concerning only the first act of sexual intercourse, generic testimony can in fact support a conviction of a defendant and the number of convictions based upon generic testimony is not limited to one; and (3) there was no possibility that some jurors believed some of the rapes took place and some believed that they did not.

**7. Rape— child under thirteen—short-form indictments—double jeopardy**

The trial court did not err in a multiple first-degree rape of a child under thirteen case by entering judgment based on short-form indictments, because: (1) short-form indictments are specifically approved for this offense under N.C.G.S. § 15-144.1(b); and (2) the indictments in the instant case state they are limited to conduct defendant committed in Wake County, defendant was not tried for any acts that defendant may have committed in Harnett

County, and thus these indictments pose no danger to defendant's rights under the double jeopardy clause.

**8. Criminal Law— prosecutor's arguments—defendant vile, amoral, wicked, and evil**

The trial court did not err in a multiple first-degree rape of a child under thirteen case by failing to intervene ex mero motu to limit certain remarks made by the State during its closing argument referring to defendant as vile, amoral, wicked, and evil, because: (1) the appellate courts of this state have declined to reverse convictions based on closing arguments referring to defendants in the same or similar language; and (2) there is nothing in the instant case to warrant departure from prior holdings.

Appeal by defendant from judgment entered 4 August 2004 by Judge Henry W. Hight, Jr. in Wake County Superior Court. Heard in the Court of Appeals 24 August 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Anne M. Middleton, for the State.*

*Stubbs, Cole, Breedlove, Prentis & Biggs, PLLC, by C. Scott Holmes, for defendant-appellant.*

STEELMAN, Judge.

Defendant is the biological father of the victim, his daughter. The victim had little or no contact with defendant for the first eleven years of her life. When she was eleven, she, along with her mother and brother, moved from New York to Raleigh to live with defendant and his girlfriend. According to the victim's testimony, sometime in late 2000 she was sleeping in her room when defendant came in and started touching her inappropriately. Defendant removed her pants and underwear, and began to rape her. The victim told defendant to stop, but he refused and told her it would only hurt for a few minutes. Defendant threatened to kill or hurt someone she loved if she told anyone about what he had done.

Defendant continued to have vaginal intercourse with the victim "more than two times a week" from that first time in late 2000 until at least Spring of 2002. Defendant never used a condom during these assaults, and on 2 December 2002, the victim gave birth to defendant's child.

After moving back to New York in February of 2003, the victim was approached by Richard Gerbino, a police investigator, and Kathy Bonisteel of child protective services, who had received information that defendant was the biological father of the victim's child. After initially denying this, the victim admitted that defendant was the child's father, and she fully discussed the circumstances surrounding the conception of the child. DNA testing confirmed that defendant is the child's father.

Defendant was charged with eleven counts of first-degree rape of a child under thirteen, and the cases were tried at the 2 August 2004 criminal session in Wake County Superior Court. The jury found defendant guilty on all counts on 4 August 2004, and defendant was sentenced to eleven consecutive active prison terms of 336 to 413 months. From these judgments defendant appeals.

[1] In his first argument, defendant contends that the trial court committed plain error in failing to instruct the jury on all the necessary elements of each charge. We disagree.

Defendant did not object at trial to the jury instructions, and does not now argue that the trial court incorrectly instructed the jury on the elements of first-degree rape. "A person is guilty of rape in the first degree if the person engages in vaginal intercourse: (1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim[.]" N.C. Gen. Stat. § 14-27.2(a)(1) (2005). Defendant argues that the trial court erred by not repeating the full jury instructions for each individual count. The trial court instructed on the eleven counts of first-degree rape as follows:

The defendant had been charged with 11 counts of first degree rape. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt:

First, that the defendant engaged in vaginal intercourse with the victim. Vaginal intercourse is penetration, however slight, of the female sex organ by the male sex organ. The actual emission of semen is not necessary.

Second, the State must prove that at the time of the alleged acts, the victim was a child under the age of 13 years.

And third, that at the time of the acts alleged, the defendant was at least 12 years old and was at least four years older than the victim.

The trial court further instructed as to the specific counts:

> Count number 1, if you find from the evidence beyond a reasonable doubt between October 1, 2000 and December 31, 2000, the defendant engaged in vaginal intercourse with [the victim] and at the time [the victim] was a child under the age of 13 years and that the defendant was at least 12 years old and was at least four years older than [the victim], it would be your duty to return a verdict of guilty as to count number 1.

> If you do not so find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty as to count number 1.

The trial court then repeated the above two paragraphs ten times, only changing the count numbers and the dates to coincide with the corresponding indictments. The trial court also distributed written copies of its instructions to the jury. It is clear from the trial court's charge that the initial instruction on the elements of first-degree rape applied to all 11 counts. The trial court's instructions on each count contained all three of the elements of first-degree rape and the requirement that the jury find each element beyond a reasonable doubt. Defendant's reliance upon the cases of *State v. Bowen*, 139 N.C. App. 18, 533 S.E.2d 248 (2000) and *State v. Williams*, 318 N.C. 624, 350 S.E.2d 353 (1986) is misplaced. In *Bowen*, the trial court failed to instruct the jury on the necessary elements of one of the charges. In this case, the trial court instructed the jury on each of the three elements of statutory rape as to each of the eleven offenses. In *Williams*, the trial court charged the jury on an offense that was different from that charged in the indictment. In this case, the jury was charged as to the offenses contained in the indictment, including the alleged date of each offense. We hold that the trial court properly instructed the jury on all eleven counts. This argument is without merit.

[2] In his second argument, defendant contends that the trial court erroneously instructed the jury on theories of guilt not alleged in one of the indictments. We disagree.

Defendant argues that though the indictment for count number one states the offense occurred "on or about the 1st day of October, 2000, and continuing through the 31st day of December, 2000," the jury was charged concerning that count using the language "between October 1, 2000 and December 31, 2000."

Defendant argues "*continuing through*" suggests an ongoing action, whereas "*between*" merely suggests an enclosing time frame, and therefore the charge to the jury demanded a lesser showing by the State than what was charged in the indictment. "[V]ariance between allegation and proof as to time is not material where no statute of limitations is involved." *State v. Riggs*, 100 N.C. App. 149, 152, 394 S.E.2d 670, 672 (1990). This is particularly true when allegations of sexual abuse of a child are involved. *State v. Blackmon*, 130 N.C. App. 692, 696-97, 507 S.E.2d 42, 45-46 (1998). Therefore, even assuming *arguendo* a variation exists between the indictment and the charge, we hold that it does not require a new trial on this count. This argument is without merit.

[3] In defendant's third argument, he contends the trial court erred in failing to dismiss the charges against him at the close of State's evidence and the close of all the evidence because there was insufficient evidence to submit the charges to the jury. We disagree.

"Upon defendant's motion for dismissal, the question for the [trial court] is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (citations omitted). Substantial evidence is relevant evidence that a reasonable person would find sufficient to support a conclusion. *State v. Blake*, 319 N.C. 599, 604, 356 S.E.2d 352, 355 (1987) (citation omitted). When reviewing a motion to dismiss based on insufficiency of the evidence, this Court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993). "In addition, the defendant's evidence should be disregarded unless it is favorable to the State or does not conflict with the State's evidence." *State v. Fritsch*, 351 N.C. 373, 379, 526 S.E.2d 451, 455 (2000).

The State's evidence tended to show that for the entire period encompassed by the indictments defendant was having sexual intercourse with the victim more than twice a week. Though defendant moved to Harnett County from March 2001 until October 2001, the victim testified that he visited her home frequently and that he lived with them for a period during that time even though his address was in Harnett County. She further testified that the frequency of their sexual contact did not diminish in this period. Viewing this evidence in the light most favorable to the State, and giving the State the ben-

efit of all reasonable inferences, we hold that this evidence is sufficient to survive defendant's motions to dismiss the eleven counts of first-degree rape. *See State v. Bates,* 172 N.C. App. 27, 35, 616 S.E.2d 280, 286 (2005); *see also State v. Wiggins,* 161 N.C. App. 583, 589 S.E.2d 402 (2003). This argument is without merit.

**[4]** In defendant's fourth argument, he contends that the trial court erred in admitting evidence of other bad acts in violation of Rule 404(b) of the North Carolina Rules of Evidence, and further erred in failing to intervene *ex mero motu* when the State improperly argued this evidence to the jury. We disagree.

Defendant first contends that the trial court erred in allowing the testimony of defendant's older daughter (Cindy, the victim's half sister). Cindy testified that in 1991, when she was twelve years old, defendant came into her room while she slept, and began rubbing his penis against her leg. She left the room and took refuge with her sister. Later in 1991, defendant called Cindy to his room where he twice told her to lie down, then removed her clothes and attempted vaginal intercourse with her. Cindy started to cry and told defendant he was hurting her. She pushed defendant, and he stopped. Finally, at the end of 1991 defendant sent Cindy to the basement to put her puppy in a cage. Defendant followed her into the basement, told her to lie on the couch, and removed her clothes. On this occasion defendant successfully had vaginal intercourse with the twelve year old girl. Defendant never wore a condom during any of these encounters. Cindy told several family members what happened, and they told defendant. Defendant then beat Cindy with a sword. Authorities investigated the incident, and Cindy moved from defendant's house. At her aunt's (defendant's sister) insistence, Cindy called the authorities and told them she did not want her father to go to jail. Defendant was never charged for these acts.

The trial court allowed Cindy's testimony for the sole purpose of showing a common plan, scheme, system or design. "Recent cases decided by this Court under Rule 404(b) state a clear general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey,* 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990). "Thus, even though evidence may tend to show other crimes, wrongs, or acts by the defendant and his propensity to commit them, it is admissible under Rule 404(b) so long as it also 'is relevant for

some purpose other than to show that defendant has the propensity for the type of conduct for which he is being tried.' " *State v. Bagley,* 321 N.C. 201, 206, 362 S.E.2d 244, 247 (1987). "Additionally, our decisions, both before and after the adoption of Rule 404(b), have been 'markedly liberal' in holding evidence of prior sex offenses 'admissible for one or more of the purposes listed [in the Rule] . . ., especially when the sex impulse manifested is of an unusual or "unnatural" character.' " *Coffey,* 326 N.C. at 279, 389 S.E.2d at 54. "Such evidence is relevant and admissible under Rule 404(b) if the incidents are sufficiently similar and not too remote." *Bagley,* 321 N.C. at 207, 362 S.E.2d at 247-48.

Defendant contends that the time elapsed between the acts testified to by Cindy and those testified to by the victim is too great to be relevant in showing a common scheme or plan. We note that defendant argues that the elapsed time was over thirteen years; however, as the events testified to by Cindy occurred in 1991, and defendant's first sexual contact with the victim occurred in 2000, the elapsed time is actually around nine years. When the facts surrounding a prior act are sufficiently similar to those in a case at bar, it may be proper to admit the prior act evidence even if over ten years have passed. *See State v. Penland,* 343 N.C. 634, 653-54, 472 S.E.2d 734, 744-45 (1996); *State v. Frazier,* 344 N.C. 611, 616, 476 S.E.2d 297, 300 (1996); *State v. Shamsid-Deen,* 324 N.C. 437, 447, 379 S.E.2d 842, 848 (1989).

In the instant case, both witnesses testified that defendant, their father, approached them in their rooms, pulled off their clothes while they lay on their beds, attempted vaginal intercourse despite being told to stop and that it hurt, and ultimately succeeded in having vaginal intercourse with each daughter, one of whom was eleven, and one of whom was twelve. Defendant never used a condom, and engaged in, or attempted intercourse on multiple occasions. There was also evidence that defendant threatened the victim in an effort to prevent her from telling anyone about the abuse; that the victim feared the defendant; that Cindy was also fearful of defendant; and that defendant in fact beat Cindy when she told someone of her abuse.

In light of the similarity of the incidents, and in light of the "unnatural character" of a father raping his own pre-teen daughters, we hold that this evidence was properly admitted under Rule 404(b) to show a common scheme or plan.

**[5]** Defendant next contends that the trial court improperly admitted DNA evidence establishing a 99.99 percent probability that he was in

fact the father of the victim's child, because the victim conceived the child after she had left Wake County, and thus after each of the incidents for which defendant was convicted in the instant case. The State argued to the trial court at a *voir dire* hearing that this evidence should be admitted both to prove a common scheme or plan under Rule 404(b), and to corroborate the victim's testimony. The trial court admitted the evidence without giving an instruction as to the purposes of its admission. Defendant never requested a limiting instruction, and does not argue on appeal that the failure to give an instruction was error. We therefore do not consider that question. *State v. Stevenson*, 136 N.C. App. 235, 244, 523 S.E.2d 734, 739 (1999).

Evidence that defendant engaged in other sexual acts with the victim is admissible to show that he had a common scheme or plan to sexually abuse the victim. *See State v. Thompson*, 139 N.C. App. 299, 303-04, 533 S.E.2d 834, 838 (2000). We hold that the DNA evidence showing defendant is the father of the victim's child, and thus must have had sexual intercourse with her, was admissible to show a common scheme or plan.

Defendant further contends in his brief that the statements by the prosecutor in her closing argument show that this 404(b) evidence was admitted for improper purposes. Statements made in the closing argument cannot alter the propriety of admitting the evidence under Rule 404(b) at trial. Because defendant does not argue in his brief that the trial court committed reversible error by failing to intervene *ex mero motu* to strike the prosecutor's arguments, we do not address this issue on appeal. *Stevenson*, 136 N.C. App. at 244, 523 S.E.2d at 739; *see also State v. Oxendine*, 330 N.C. 419, 422, 330 N.C. 419, 422 (1991). This argument is without merit.

[6] In his fifth argument, defendant contends that the trial court erred in submitting the eleven counts of first-degree rape and the corresponding verdict sheet to the jury in violation of his right to a unanimous verdict. We disagree.

Defendant argues that there are three situations which trigger the possibility of a non-unanimous jury verdict: (1) generic testimony; (2) disjunctive jury instructions; and (3) where there is evidence of more incidents than there are criminal charges. No argument is made by defendant that a disjunctive jury instruction was given in this case, and we therefore do not address that issue.

We first address defendant's argument that there was evidence of more incidents than actual charges. Defendant's argument is based

upon this Court's decision in *State v. Gary Lawrence*, 165 N.C. App. 548, 599 S.E.2d 87 (2004). Following the filing of defendant's brief the Supreme Court reversed that decision *per curiam*, *State v. Gary Lawrence*, 360 N.C. 393, 627 S.E.2d 615 (2006), in accordance with its opinion in *State v. Markeith Lawrence*, 360 N.C. 368, 627 S.E.2d 609 (2006). Both of these decisions were handed down on 7 April 2006.

The Court of Appeals in *Gary Lawrence* held that since there was evidence of many more sexual acts of the defendant than the number of charges submitted to the jury, and the trial court's instructions to the jury did not separate the individual criminal offenses, that the jury verdicts were ambiguous. Based upon this conclusion, a number of defendant's convictions were reversed. In reversing the Court of Appeals, the Supreme Court relied upon its decision in *Markeith Lawrence*. This opinion rejected the Court of Appeals rationale in *Gary Lawrence*, and adopted the rationale set forth in the case of *State v. Wiggins*, 161 N.C. App. 583, 589 S.E.2d 402 (2003), *disc. rev. denied*, 358 N.C. 241, 594 S.E.2d 34 (2004). In *Wiggins*, the victim testified the defendant had intercourse with her multiple times a week for an extended period of time, but she could only specifically identify four incidents. Defendant was charged with five counts of statutory rape (and two counts of statutory sex offense, for which the victim gave specific testimony). This Court held that "where seven offenses (two statutory sexual offense and five statutory rape) were charged in the indictments, and based on the evidence presented at trial, the jury returned seven guilty verdicts, there was no danger of a lack of unanimity between the jurors with respect to the verdict." *Id.* at 593, 589 S.E.2d at 409. In *Markeith Lawrence* The Supreme Court stated: "We find the reasoning of *Wiggins* persuasive." The Supreme court went on to enumerate six factors that it considered in upholding defendant's convictions:

> (1) defendant never raised an objection at trial regarding unanimity; (2) the jury was instructed on all issues, including unanimity; (3) separate verdict sheets were submitted to the jury for each charge; (4) the jury deliberated and reached a decision on all counts submitted to it in less than one and one-half hours; (5) the record reflected no confusion or questions as to jurors' duty in the trial; and (6) when polled by the court, all jurors individually affirmed that they had found defendant guilty in each individual case file number.

*Markeith Lawrence*, 360 N.C. at 376, 627 S.E.2d at 613. In applying these factors to the present case, we find that:

(1) Defendant raised no objections at trial concerning juror unanimity,

(2) The jury was instructed separately on each of the eleven counts of first-degree rape. The court in its instructions identified each count by date. The trial court separately charged the jury on the question of unanimity.

(3) The trial court submitted only one verdict sheet, but each of the eleven counts was broken out separately on the verdict sheet, and was identified by date.

(4) The jury commenced deliberations at 11:53 a.m., recessed for lunch at 1:03 p.m., resumed deliberations at 2:31 p.m., and returned its verdicts at 4:35 p.m. The total deliberation time for eleven counts of first degree rape was three hours and fourteen minutes.

(5) During deliberations, the jury sent two notes to the trial court. The first note requested the date of the victim's birth, the date of birth of the victim's child, and the date defendant moved from Wake County to Harnett County. These being factual questions, the trial court properly declined to answer them. Later the jury requested a transcript of the victim's testimony. The trial court declined to provide this. None of these questions indicate any confusion on the part of the jury as to its duty in the trial.

(6) There was no poll of the jury, as none was requested by any party.

None of these factors indicate that there was any confusion on the part of the jury on its duty to render a unanimous verdict. Under the rationale of *Markeith Lawrence*, the eleven convictions of defendant were unanimously returned by the jury.

We next turn to defendant's argument concerning "generic testimony." The decision of the Court of Appeals in *Gary Lawrence* discussed in great detail the concept of "generic testimony" where a victim recounts a long history of repeated acts of sexual abuse over a period of time, but does not give testimony identifying specific events surrounding each sexual act. In this case, the victim gave specific testimony concerning the first act of sexual intercourse, which occurred prior to Christmas of 2000 (first count). However, with respect to the remaining ten counts, the victim testified that defendant had sex with her "more than two times a week" during the time period that she

**STATE v. BULLOCK**

[178 N.C. App. 460 (2006)]

resided in Wake County. Defendant was indicted for ten counts of first-degree statutory rape, with one count being identified as occurring in each of the months of January, 2001 through October, 2001.

We first note that while our previous appellate cases have discussed the concept of "generic testimony" in the context of juror unanimity issues, it is in reality a sufficiency of the evidence issue. The question is whether the State is required to present evidence of specific and unique details of each charge to the jury, or whether a count can be submitted to the jury based upon the victim's testimony that repeated incidents occurred over a period of time. In discussing defendant's third argument we have held that the State did present substantial evidence of each offense that was sufficient to withstand defendant's motion to dismiss. We now discuss defendant's "generic testimony" in the context of jury unanimity.

The Court of Appeals decisions in *Gary Lawrence* and *State v. Bates*, 172 N.C. App. 27, 616 S.E.2d 280 (2005) (*see also State v. Massey*, 179 N.C. App. 216, 621 S.E.2d 633 (2006)) held that generic testimony can only support one additional conviction over and above those instances for which there was event specific testimony. However, *Gary Lawrence* was reversed by the Supreme Court, and the holding in *Bates* was based entirely upon the Court of Appeals decision in *Gary Lawrence*. These decisions are no longer binding precedent on the question of "generic testimony." Rather, we look for guidance to the earlier Court of Appeals decision in *Wiggins*, which was specifically cited with approval by the Supreme Court in *Markeith Lawrence*.

In *Wiggins*, the trial court submitted two counts of statutory sex offense and five counts of statutory rape to the jury. Defendant was convicted of all charges. The victim testified as to two specific instances of statutory sex offense, four specific instances of statutory rape, and in addition that the defendant had sexual intercourse with her five or more times a week over a two year period. The Court of Appeals held that under these facts, "there was no danger of a lack of unanimity between the jurors with respect to the verdict." *Wiggins*, 161 N.C. App. at 593, 589 S.E.2d at 409. Implicit in this decision is that generic testimony can in fact support a conviction of a defendant. The Court of Appeals decisions in *Gary Lawrence* and *Bates* attempt to limit the number of convictions which can be based upon generic testimony to one. However, no authority is cited for this proposition other than "continuous course of conduct" statutes from other jurisdictions, which *Gary Lawrence* acknowledges are not in existence in

North Carolina. We find no language in *Wiggins* which would limit the number of convictions based upon "generic testimony" to one. In this case, the testimony of the victim was that defendant had sexual intercourse with her more than twice a week over a ten month period. Defendant was only charged with eleven counts of statutory rape.

In holding that generic testimony can support more than one conviction, we note the realities of a continuous course of repeated sexual abuse. While the first instance of abuse may stand out starkly in the mind of the victim, each succeeding act, no matter how vile and perverted, becomes more routine, with the latter acts blurring together and eventually becoming indistinguishable. It thus becomes difficult if not impossible to present specific evidence of each event. In *State v. Dudley*, 319 N.C. 656, 659, 356 S.E.2d 361, 363 (1987), the Supreme Court cited with approval language from *State v. Small*, 31 N.C. App. 556, 230 S.E.2d 425 (1977): "Generally rape is not a continuous offense, but each act of intercourse constitutes a distinct and separate offense." The General Assembly has criminalized each act of statutory rape, not a course of conduct. Any changes in the manner in which a course of criminal conduct is punished must come from the legislative branch and not from the judicial branch.

The evidence in this matter was that defendant raped the victim at least twice a week for ten months. With respect to the offenses occurring in January 2001 through October 2001, there was no testimony distinguishing any of these events. Either the jury believed the testimony of the victim that these rapes occurred, or they did not. There was no possibility that some of the jurors believed that some of the rapes took place, and some believed that they did not. Thus, defendant's right to an unanimous verdict under Article I, § 24, and N.C. Gen. Stat. § 15A-1201 and § 15A-1237(b) was not violated. This argument is without merit.

**[7]** In his sixth argument, defendant contends that the trial court erred by entering judgment on fatally defective "short form" indictments. We disagree.

Short form indictments are specifically approved for this offense under N.C. Gen. Stat. § 15-144.1(b):

If the victim is a female child under the age of 13 years it is sufficient to allege that the accused unlawfully, willfully, and feloniously did carnally know and abuse a child under 13, naming her, and concluding as aforesaid. Any bill of indictment contain-

ing the averments and allegations herein named shall be good and sufficient in law as an indictment for the rape of a female child under the age of 13 years and all lesser included offenses.

Defendant makes no argument that the indictments in the instant case failed to meet the statutorily required allegations, and our review of the record shows the instant indictments are not defective in this regard. Defendant further argues that his constitutional right against being put twice in jeopardy was violated because some of the indictments covered a period of time when he resided in Harnett County; he faces additional charges in Harnett County; and thus he is in danger of being convicted in both Wake and Harnett Counties for the same conduct. The indictments in the instant case clearly state that they are limited to conduct defendant' committed in Wake County. Defendant was not tried for any acts he may have committed in Harnett County, and thus the Wake County indictments pose no danger to his rights under the double jeopardy clause. This argument is without merit.

**[8]** In his seventh argument, defendant contends that the trial court erred by failing to intervene *ex mero motu* to limit certain remarks made by the State in its closing argument. We disagree.

> Because defendant failed to object to this argument at trial, our review is limited to whether the argument was so grossly improper as to warrant the trial court's intervention *ex mero motu*. Under this standard, "only an extreme impropriety on the part of the prosecutor will compel this Court to hold that the trial judge abused his discretion in not recognizing and correcting *ex mero motu* an argument that defense counsel apparently did not believe was prejudicial when originally spoken." "Defendant must show that the prosecutor's comments so infected the trial with unfairness that they rendered the conviction fundamentally unfair."

*State v. Anthony*, 354 N.C. 372, 427-28, 555 S.E.2d 557, 592 (2001).

In the instant case, the State opened its closing argument with the following:

> Not one of us in this courtroom wants to believe that any man is capable of doing what this defendant is charged with doing. No one wants to believe that such a vile, such a amoral, wicked, evil man might live in that community.

But ladies and gentlemen, such a man lives here in Wake County. Such a man is seated at the table and his name is Johnny Ray Bullock.

Defendant did not object to this argument at trial, but now contends for the first time on appeal that the language referring to defendant as "vile", "amoral", "wicked" and "evil" requires that we reverse the verdict of the jury. The appellate courts of this State have declined to reverse convictions based on closing arguments referring to defendants in the same or similar language. *State v. Flowers*, 347 N.C. 1, 37-38, 489 S.E.2d 391, 412 (1997); *State v. Larrimore*, 340 N.C. 119, 163, 456 S.E.2d 789, 812-13 (1995); *State v. Riley*, 137 N.C. App. 403, 412-13, 528 S.E.2d 590, 596-97 (2000); *State v. Frazier*, 121 N.C. App. 1, 16, 464 S.E.2d 490, 498 (1995). We find nothing in the instant case to warrant departure from these prior holdings. This argument is without merit.

NO ERROR.

Judges HUNTER and TYSON concur.