An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-519

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

STATE OF NORTH CAROLINA

v.

ULKER ALLEN LAYSECA

Onslow County
No. 11 CRS 54158-60
     12 CRS 1727-28
     12 CRS 602

Appeal by Defendant from judgments entered 19 December 2012 by Judge Charles H. Henry in Onslow County Superior Court. Heard in the Court of Appeals 21 October 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Linda Kimbell, for the State.*

> *Parish & Cooke, by James R. Parish, for Defendant.*

DILLON, Judge.

Ulker Allen Layseca ("Defendant") appeals from judgments entered consistent with jury verdicts convicting him of a total of eighteen crimes; namely, six counts of indecent liberties with a minor, six counts of statutory sex offense, three counts of attempted statutory rape, and three counts of statutory rape, and sentencing Defendant to 300 to 369 months incarceration in

file numbers 12 CRS 1727-28, 192 to 240 months incarceration in file number 11 CRS 54158, and 192 to 240 months incarceration in file number 11 CRS 54159,[1] to be served consecutively. All of the crimes involved Defendant's stepdaughter, Susan.[2] On appeal, Defendant challenges the trial court's instruction to the jury on attempted statutory rape, and the sufficiency of the evidence for the charges of indecent liberties, statutory rape, and sex offense. Defendant also contends his right to a unanimous jury verdict was violated. We find no error.

## I. Background

Susan was born in 1996. In June 2011, she informed her mother that Defendant was having sex with her and had been committing indecent acts with her since she was six or seven years old.

On 13 November 2012, a grand jury found six true bills of indictment charging numerous counts of indecent liberties, statutory rape, and statutory sex offense. The indictments were organized by date.

The first three indictments alleged various incidents occurring in three distinct time periods between July 2009 and

---

[1] Additional file numbers were listed under the "ADDITIONAL FILE NO.(S) AND OFFENSE(S)" portion of the judgments.
[2] A pseudonym.

21 November 2010. Specifically, each of these three indictments alleged one count of statutory sex offense and one count of indecent liberties. Susan testified that she was the victim of Defendant's various indecent acts during the time periods covered by these indictments.

The fourth, fifth and sixth indictments each alleged one count of indecent liberties, two counts of statutory rape, and one count of sex offense.

The fourth indictment alleged that the foregoing counts occurred between 22 November 2010 and 31 January 2011. Regarding this time period, Susan testified that in December of 2010, after she had turned 14 years old, Defendant started putting her in her sister's bed, facedown. "[Defendant] would move [her] underwear to the side, and he would try to stick his penis inside" her vagina. Defendant also rubbed his penis against her vagina. Susan testified that he tried "to make it go in, and it hurt." Defendant told Susan that "it was only the head going in." He did this "[t]hree times a week."

The fifth indictment alleged that the counts stated above occurred between 1 February 2011 and 30 April 2011. Susan testified that during this time period Defendant continued to

have sex with her 2 or 3 times a week. She also testified that she would try to stop him from putting his penis in her vagina.

The sixth indictment alleged that the counts stated above occurred between 1 May 2011 and 8 June 2011. Regarding this time period, Susan testified that Defendant continued to abuse her 2 or 3 times per week and recounted two specific incidents at which time Defendant penetrated her vagina.

At the conclusion of Defendant's trial, the jury returned eighteen guilty verdicts, as mentioned above. Consistent with these jury verdicts, the trial court consolidated numerous offenses into three separate judgments, sentencing Defendant to three terms of incarceration to be served consecutively – 300 to 369 months, 192 to 240 months, and 192 to 240 months. From these judgments, Defendant appeals.

## I: Jury Instruction

Among the charges listed in the indictments, were numerous counts of statutory rape, but Defendant was not charged with *attempted* statutory rape. In Defendant's first argument, he contends the trial court erred by instructing the jury that "they could consider attempted statutory rape as a permissible verdict." We dismiss this argument.

Defendant did not object to the jury instructions in the proceedings below. As a result of Defendant's failure to object at trial, this purported error has been waived. *State v. Gibbs*, 335 N.C. 1, 49, 436 S.E.2d 321, 349 (1993), *cert. denied*, 512 U.S. 1246, 129 L. Ed. 2d 881 (1994); *see also* N.C. R. App. P. 10(a)(1) and (a)(2). Although under Rule 10(a)(4), Defendant could also have argued plain error before this Court, Defendant makes no such argument. *See* N.C. R. App. P. 10(c)(4) (stating that "[i]n criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error"). *See State v. Scercy*, 159 N.C. App. 344, 583 S.E.2d 339, *disc. review denied*, 357 N.C. 581, 589 S.E.2d 363 (2003) (holding that a defendant is not entitled to plain error review because he failed to argue in his brief that certain jury instructions, not objected to at trial, amounted to plain error). Therefore, Defendant's first argument is dismissed.

## II: Motion to Dismiss

In Defendant's second argument, he contends the trial court erred by denying Defendant's motion to dismiss the charges of

indecent liberties, statutory rape, and sex offense. We dismiss this argument.

Defendant's brief on appeal contains an argument heading `contending the trial court erred in failing to dismiss the charges of indecent liberties, statutory rape, and sex offense, due to insufficiency of the evidence. The brief also contains the standard of review. However, Defendant does not further provide any argument for the foregoing issue on appeal. Defendant does not contend any or all of the elements of the foregoing crimes lacked sufficient evidence; in fact, Defendant does not even recite the elements of the crimes, much less provide analogous cases on similar facts in which motions to dismiss were improperly denied. "Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C. R. App. P. 28(b)(6). Because Defendant has failed to state any argument or reason for his argument that the trial court improperly denied his motion to dismiss, he has abandoned this argument, and we dismiss it.

### III: Unanimous Verdicts

In Defendant's third and final argument, he contends the trial court deprived Defendant of his constitutional right to unanimous jury verdicts by failing to sufficiently distinguish

the multiple sexual offenses by date or detail in the indictments, jury instructions, and verdict sheets. We disagree.

Preliminarily, we note that the failure to object to alleged errors by the trial court that violate a defendant's right to a unanimous verdict does not waive his right to raise the question on appeal. *State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985). Therefore, Defendant's failure to object in this case does not waive this argument on appeal.

The North Carolina Constitution and North Carolina Statutes require a unanimous jury verdict in a criminal jury trial. *See* N.C. Const. art. 1, § 24; N.C. Gen. Stat. § 15A-1237(b) (2005). "To convict a defendant, the jurors must unanimously agree that the State has proven beyond a reasonable doubt each and every essential element of the crime charged." *State v. Jordan*, 305 N.C. 274, 279, 287 S.E.2d 827, 831 (1982). Our determination of whether the trial court's instructions to the jury violate the right to a unanimous verdict requires us to "examine the verdict, the charge, the jury instructions, and the evidence to determine whether any ambiguity as to unanimity has been removed." *State v. Petty*, 132 N.C. App. 453, 461-62, 512 S.E.2d 428, 434, *disc. review denied*, 350 N.C. 598, 537 S.E.2d 490

(1999). The specificity of the allegations contained in the indictments must also be considered in this determination. *State v. Lawrence*, 360 N.C. 368, 373, 627 S.E.2d 609, 612 (2006).

On appeal, Defendant admits that "there is no issue as to unanimity" with the first three indictments in this case. However, Defendant contends the remaining three indictments – in file numbers 11 CRS 54158, 11 CRS 54159, and 11 CRS 54160 – abridge Defendant's right to a unanimous jury verdict in that they allege two counts of statutory rape that "read identically" during the same "distinct timeframe." The three timeframes during which the three sets of two identical statutory rape charges allegedly occurred were 22 November 2010 to 31 January 2011, 1 February 2011 to 30 April 2011, and 1 May 2011 to 8 June 2011. All three indictments twice charge the following:

> [T]he jurors for the State upon their oath present that on or about the date of offense shown and in Onslow County the defendant named above unlawfully, willfully and feloniously did engage in vaginal intercourse with [Susan], a person of the age of 14 years. At the time of the offense, the defendant was at least six years older than the victim and was not lawfully married to the victim.

Defendant also correctly points out that the verdict sheets for the three sets of two statutory rape charges were identical, in

every other respect except the case number, and, six times, repeat the following:

    _____ GUILTY OF STATUTORY RAPE AGAINST A
    VICTIM WHO WAS FOURTEEN YEARS OLD
    OR
    _____ GUILTY OF ATTEMPTED STATUTORY RAPE
    AGAINST A VICTIM WHO WAS FOURTEEN YEARS OLD
    OR
    _____ NOT GUILTY

In the trial court's instructions the jury, it preliminarily stated the following: "Some of these alleged crimes are charged more than one time. I have not attempted to repeat the definition of these crimes each time they are referred to in the instructions. I have defined the crime completely the first time that crime is referred to in the instructions. When considering a crime the second or subsequent time it is referred to in the instructions, you are instructed to consider the complete definition of the crime when it first appears."

The trial court did instruct the jury that they "may not return a verdict until all 12 jurors agree unanimously. You may not render a verdict by majority vote. When you have agreed upon a unanimous verdict, your foreperson may so indicate on the verdict forms." Moreover, after the guilty verdicts were returned in this case, the trial court polled the jury on each

verdict to determine whether each individual juror agreed that the verdict was unanimous.

The evidence in this case regarding the six counts of alleged statutory rape consisted mostly of Susan and her mother's testimony. The evidence in this case was, in large part, generic testimony showing a pattern of repeated sexual abuse, rather than specific testimony detailing individual incidents.

Defendant's arguments pertaining to the language of the indictments, verdict sheets, and jury instructions in this case, which he contends amounts to a violation of Defendant's right to a unanimous verdict, has been addressed and overruled by prior decisions of this Court and the North Carolina Supreme Court.

In *State v. Bullock*, 178 N.C. App. 460, 472-73, 631 S.E.2d 868, 877 (2006), *disc. review denied*, 361 N.C. 222, 642 S.E.2d 708 (2007), we addressed the question of whether generic testimony in cases such as this may sustain multiple convictions:

> The Court of Appeals decisions in *Gary Lawrence* and *State v. Bates*, 172 N.C. App. 27, 616 S.E.2d 280 (2005) (*see also State v. Massey*, 174 N.C. App. 216, 621 S.E.2d 633 (2006)) held that generic testimony can only support one additional conviction over and above those instances for which there was event specific testimony. However, *Gary*

*Lawrence* was reversed by the Supreme Court, and the holding in *Bates* was based entirely upon the Court of Appeals decision in *Gary Lawrence*. These decisions are no longer binding precedent on the question of "generic testimony." Rather, we look for guidance to the earlier Court of Appeals decision in *Wiggins*, which was specifically cited with approval by the Supreme Court in *Markeith Lawrence*[,] [360 N.C. 368, 627 S.E.2d 609 (2006)].

In *Wiggins*, the trial court submitted two counts of statutory sex offense and five counts of statutory rape to the jury. Defendant was convicted of all charges. The victim testified as to two specific instances of statutory sex offense, four specific instances of statutory rape, and in addition that the defendant had sexual intercourse with her five or more times a week over a two year period. The Court of Appeals held that under these facts, "there was no danger of a lack of unanimity between the jurors with respect to the verdict." *Wiggins*, 161 N.C. App. at 593, 589 S.E.2d at 409. Implicit in this decision is that generic testimony can in fact support a conviction of a defendant. The Court of Appeals decisions in *Gary Lawrence* and *Bates* attempt to limit the number of convictions which can be based upon generic testimony to one. However, no authority is cited for this proposition other than "continuous course of conduct" statutes from other jurisdictions, which *Gary Lawrence* acknowledges are not in existence in North Carolina. We find no language in *Wiggins* which would limit the number of convictions based upon "generic testimony" to one. In this case, the testimony of the victim was that defendant had sexual intercourse with her more than twice a week over a ten month

> period. Defendant was only charged with eleven counts of statutory rape.

*Bullock*, 178 N.C. App. at 472-73, 631 S.E.2d at 877 (stating that "evidence in this matter was that defendant raped the victim at least twice a week for ten months" and "[w]ith respect to the offenses occurring in January 2001 through October 2001, there was no testimony distinguishing any of these events[,]" reasoning that "[e]ither the jury believed the testimony of the victim that these rapes occurred, or they did not[;] [t]here was no possibility that some of the jurors believed that some of the rapes took place, and some believed that they did not[,]" and holding that "defendant's right to an unanimous verdict under Article I, § 24, and N.C. Gen. Stat. § 15A-1201 and § 15A-1237(b) was not violated"); *see also State v. Massey*, 361 N.C. 406, 408, 646 S.E.2d 362, 364 (2007).

In *Bullock*, we also addressed Defendant's argument pertaining to jury instructions. In that case, the defendant argued "that the trial court erred by not repeating the full jury instructions for each individual count[.]" *Id.* at 464, 631 S.E.2d at 872. This Court recited the instruction given and stated the following: "It is clear from the trial court's charge that the initial instruction on the elements of first-degree rape applied to all 11 counts. The trial court's

instructions on each count contained all three of the elements of first-degree rape and the requirement that the jury find each element beyond a reasonable doubt." *Id.* at 465, 631 S.E.2d 872. This Court further stated, "[i]n this case, the jury was charged as to the offenses contained in the indictment, including the alleged date of each offense[,]" and this Court held that the jury instruction is not improper. *Id.*

In *State v. Lawrence*, 360 N.C. 368, 373, 627 S.E.2d 609, 612 (2006), the North Carolina Supreme Court enumerated six factors for consideration in a determination of whether a defendant's right to a unanimous jury verdict has been abridged: (1) whether the defendant raised an objection at trial regarding unanimity; (2) whether the jury was instructed on all issues, including unanimity; (3) whether separate verdict sheets were submitted to the jury for each charge; (4) the amount of time during which the jury deliberated and reached a decision on all counts submitted; (5) whether there was any indication of confusion or questions from the jury; and (6) whether, when polled by the court, all jurors individually affirmed that they had found defendant guilty in each individual case file number. *Id.* In this case, Defendant did not object at trial on this basis; the jury was instructed on all the issues, including

unanimity; verdict sheets were given to the jury for each indictment, and each count of statutory rape was set out separately in the verdict sheet for each indictment; the jury deliberated for two hours and fifty-five minutes; during deliberations, the jury did request to view the transcript of a telephone conversation between the victim, the victim's mother, and Defendant, which was recorded at the Onslow County Sheriff's Office; however, we do not believe this request indicates confusion or questions regarding a unanimity issue; and, finally, the jury was individually polled as to the verdicts in question – in fact, all of the verdicts, count-by-count – and the jury indicated that their decision was unanimous.

Based on the foregoing, we believe Defendant's argument must necessarily fail. Defendant's right to a unanimous jury verdict was not abridged in this case.

NO ERROR.

Chief Judge MARTIN Judge STEELMAN concur.

Report per Rule 30(e).